# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. BRYANT, | 1:08-cv-01369-AWI-GSA-PC |
| | (Superior Court case 07C-0362) |
| Plaintiff, | |
| | FINDINGS AND RECOMMENDATIONS |
| v. | RECOMMENDING THAT DEFENDANTS' |
| | MOTION FOR REMAND BE GRANTED |
| J. NESMITH, et al., | (Doc. 5.) |
| | |
| | OBJECTIONS, IF ANY, DUE IN THIRTY |
| Defendants. | DAYS |

**I.  BACKGROUND**

This is a civil action filed by plaintiff James E. Bryant ("plaintiff"), a state prisoner proceeding pro se.  This action was initiated by civil complaint filed by plaintiff in the Kings County Superior Court on July 5, 2008 (Case #07C-0362).  On September 3, 2008, plaintiff filed a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b) to remove the action to federal court. (Doc. 1.)  On October 10, 2008, defendants filed a motion to remand the action.  (Doc. 5.)

**II.  REMOVAL**

Under 28 U.S.C. § 1441(a), "*the defendant or the defendants*" may remove from state court any action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a) (emphasis added).  Removal is available to defendants to an action, not plaintiffs. See id. "A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court. . ." Am.

1

Int'l Underwriters, Inc. v. Cont'l Ins. Co. 843 F.2d 1253, 1260 (9th Cir. 1988). "'The right to remove a state court case to federal court is clearly limited to defendants.'" Baker v. Oakland Unified School Dist., 203 Fed.Appx. 117 (9th Cir. 2006) *quoting* Am. Int'l Underwriters 843 F.2d at 1260. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### III.  DISCUSSION

Defendants move for remand of plaintiff's action to the Kings County Superior Court on the grounds that plaintiff lacks standing to remove the case under 28 U.S.C. § 1441 and plaintiff cannot simultaneously litigate his complaint in both federal and state forums. Defendants argue that there is no legal authority for such a removal.

Under 28 U.S.C. § 1441(a), a plaintiff does not have the right to remove his state court case to federal court. Therefore, the court must reject federal jurisdiction and remand plaintiff's action to the Kings County Superior Court.

### IV.  CONCLUSION

Based on this analysis, the court finds that plaintiff's lawsuit must be remanded to superior court. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for remand be GRANTED;

2. This action be REMANDED to the Kings County Superior Court; and

3. The Clerk be DIRECTED to serve notice of the remand and close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 10, 2008**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE